Argued September 11, affirmed September 24, 1958

ADYE *v.* GROSSMAN, DBA LUCKY LOAN &
DIAMOND BROKERS

329 P. 2d 1116

*Edward L. Fitzgibbon,* Portland, argued the cause
for appellant. On the briefs were Black, Kendall &
Fain, John J. Higgins, and William F. Thomas, Port-
land.

*Bernard B. Kliks* and *Bartlett F. Cole*, Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and LUSK, SLOAN and O'CONNELL, Justices.

SLOAN, J.

This is an action to recover the value of two diamond rings that had been pawned by plaintiff to defendant. Upon attempted redemption of the pawn defendant was unable to return the rings. Plaintiff prevailed by verdict of a jury and defendant appeals. His brief contains two assignments. The first concerns the failure of the trial court to direct a verdict and the second challenges the giving of two instructions. At the oral argument defendant conceded the first assignment so we shall consider only the second assignment.

On July 9, 1953, plaintiff pawned the two rings to defendant and received a pawn ticket. On January 22, 1954, despite the connotation of his assumed business name and prior to a later attempted redemption, defendant's place of business was the victim of an armed robbery. Defendant contends the rings in question were taken as a part of the loot of this robbery and that, at the time of the robbery, he exercised reasonable care in safekeeping the pawned rings.

The instructions complained of are as follows:

"If you find that defendant failed in any respect to take the precautions that a reasonably careful, cautious and prudent pawnbroker would take of his own property, and that the loss complained of by plaintiff did occur thereby, then the defendant would be liable to the plaintiff for the value of the diamonds, and your verdict should be for the plaintiff.

"Or should you find that the pledged items were

stolen because of the failure on the part of the defendant to exercise reasonable care, then you may consider the amount of damages to be awarded to the plaintiff."

No complaint is made that these instructions do not properly state the law on the subject. It is contended that the evidence of due care was so conclusive and uncontradicted as to leave no reasonable doubt thereof and the court should have so determined as a matter of law. It is true that the pawnbroker is excused from failure to redeliver goods if he exercises due care for their safekeeping. ORS 726.380; *National Fire Ins. Co. v. Mogan*, 186 Or 285, 206 P2d 963.

We do not find the evidence reaches that status of certainty. The evidence discloses that the rings in question and other pawned property were placed in small envelopes, the envelopes placed in trays and the trays kept in a safe. The testimony which describes this safe is vague and uncertain. It appears, however, that it was divided into inner and outer compartments. The outer compartment was accessible when the outer doors of the safe were opened. This outer compartment apparently contained shelves upon which the trays of pledged goods were kept. The inner compartment could only be reached by opening additional doors which were apparently locked by a combination lock. During nonbusiness hours the entire safe was locked. On the day in question, as on other days, the person in charge of opening defendant's place of business opened the safe. The trays containing the pawned goods were left upon the shelves of the outer compartment in a manner convenient or accessible to the clerk or person in charge. Other property, some of it defendant's, remained locked in the inner portion of the safe.

Defendant relies upon the testimony of the detec-

tive in charge of the pawnshop detail of the Portland police department, the manager of a "Central stations electric protective service" and the manager on duty at the time of the robbery. The first two witnesses mentioned testified that defendant had "as good protective devices as any other pawnshop in Portland"; that the devices used were "the best." The manager testified that he entreated the robbers to refrain from taking the pledged goods and limit their take to the defendant's own property. It is this form of evidence that defendant relies on as leaving no room for reasonable minds to differ.

He overlooks numerous items of evidence; even one, or at best a few, of which was sufficient to require jury consideration. Items that were locked in the inner compartment of the safe were not taken. A jury could find that due care required this additional protection of pawned property. For ought that appears from the evidence if the rings had been out of sight or secreted in a drawer they would not have been taken. There is no evidence that the elaborate protective devices relied on worked on this occasion extremis. In fact the jury could infer that the security employed and the location of the goods on the day in question were determined more by the convenience of doing business than by the demands of due care. That even though adequate safeguards may have been installed they were not readily available in case of need.

■■ In addition it requires only brief mention to recognize that diamonds are only little less desirable than money as an attraction to the grasping hand of a hurried robber. A pawnbroker must surely be charged with such ordinary knowledge. Such an obvious fact could clearly persuade a jury that the degree of care for their safekeeping must substantially exceed that

given pawn goods of a more proletarian character. There was no evidence that such was the case. We need not labor the matter further than to say the evidence was such that reasonable men could have drawn different conclusions therefrom.

Affirmed.